IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00243-PAB-KLM

JAMIE STAUFFER,

    Plaintiff,

v.

NCC BUSINESS SERVICES, INC., a Florida Corporation,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Attorney's Fees** [Docket No. 15; Filed March 7, 2013] (the "Motion"). The Motion is referred to this Court for recommendation regarding disposition [#16]. On March 28, 2013, Defendant filed a Response to the Motion [#17]. On March 30, 2013, Plaintiff filed a Reply [#18]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED in part** and **DENIED in part**.

### I. Background

On January 31, 2013, Plaintiff filed her Complaint [#1] against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. In her Complaint, Plaintiff sought damages and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a). On February 26, 2013, Defendant served Plaintiff with an Offer

of Judgment pursuant Federal Rule of Civil Procedure 68, which Plaintiff accepted on March 1, 2013 [#11]. On March 4, 2013, the Court entered judgment in favor of Plaintiff and against Defendant in the amount of $1,001.00, plus Plaintiff's costs and reasonable attorney's fees [#12].

In the Motion, Plaintiff requests $3,250.00 in attorney's fees based on 13 hours of work provided by her attorney, David M. Larson, at an hourly rate of $250.00. Motion [#15] at 2-3. Defendant opposes the Motion and challenges the number of hours worked by Mr. Larson, and the inclusion of hours worked for tasks Defendant asserts are excessive, duplicative, or impermissibly billed in a "block billing" format. *Resp.* [#17] at 5-11. In her Reply, Plaintiff challenges the factual assumptions of Defendant's Response and argues that the time recorded by Plaintiff's counsel was spent on legitimate legal work needed to further the case. *Reply* [#18] at 2-10. Plaintiff also requests an additional 2.9 hours be added for time spent litigating the Motion as follows: 0.9 hour for "[r]eviewing Defendant's Response to Motion and compare it [sic] allegations to the Motion and attachment" and 2.0 hours spent "[d]raft[ing the] Reply to Defendant's Response." *Id.* at 18.

## II. Analysis

Section 1692k(a) of the FDCPA provides that a successful plaintiff may seek from defendant a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). To determine a reasonable fee request, the Court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Tenth Circuit Court of Appeals has recognized the lodestar amount as presumptively

2

reasonable. *Homeward Bound, Inc. v. Hissom Mem'l Ctr.*, 963 F.2d 1352, 1355 (10th Cir. 1992). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

**A.     Hourly Rate**

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). In order to satisfy her burden, Plaintiff must produce "satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

In support of her attorney's hourly rate, Plaintiff relies on (1) Mr. Larson's experience litigating over 1,500 FDCPA cases in Colorado over the past decade, (2) his participation in eight National Consumer Law Center Conferences, (3) an affidavit submitted by Richard Wynkoop, and (4) decisions from this Court finding that a rate of $250.00 per hour is reasonable for consumer law advocates. *Motion* [#15] at 2-8, Exs. 2-3. Defendant does not challenge the proposed hourly rate of $250.00 per hour and the Court finds that this rate is reasonable. *See Segura v. Midland Credit Mgmt., Inc.*, Civil Action No. 12-cv-00830-PAB-BNB, 2013 WL 560702, at *2 (D. Colo. February 14, 2013); *Nuanes v. NCC Business*

*Servs., Inc.*, No. 12-cv-0228-WJM-MJW, 2012 WL 5464598, at *2 (D. Colo. Nov. 9, 2012); *Castro v. First Nat'l Collection Bureau, Inc.*, No. 11-cv-02298-REB-KMT, 2012 WL 4468318, at *1 (D. Colo. Sept. 27, 2012); *Howard v. Midland Credit Mgmt., Inc.*, Civil Action No. 11-cv-03123-PAB-BNB, 2012 WL 4359361, at *3 (D. Colo. Sept. 24, 2012); *Ocker v. Nat'l Action Fin. Servs., Inc.*, Civil Action No. 08-cv-00421-REB-MJW, 2008 WL 4964772, at *2 (D. Colo. Nov. 18, 2008); *Harper v. Phillips & Cohen Assocs., Ltd*, No. 08-cv-01500-REB-KLM, 2009 WL 3059113, at *1 (D. Colo. Sept. 21, 2009).

**B. Number of Hours**

In determining the reasonableness of the hours expended, a court considers several factors. First, it considers whether the fees pertain to tasks that would ordinally be billed to a client. *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n.4 (1987). It is Plaintiff's burden "to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986)(quotations omitted). "The Supreme Court, recognizing that not all hours expended in litigation are normally billed to a client, noted that an applicant should exercise 'billing judgment' with respect to a claim of the number of hours worked." *Malloy*, 73 F.3d at 1018. Further, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, . . . [h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley,* 461 U.S. at 434. Hence, the court has a "corresponding obligation to exclude hours 'not reasonably expended' from the calculation." *Malloy*, 73 F.3d at 1018. A court should take extra care to ensure that an attorney has not

included unjustified charges in his billing statement. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering. *Id*. Ultimately, the Court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses. *Ramos*, 713 F.2d at 553.

In reaching a determination the Court "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, --- U.S. ---, 131 S.Ct. 2205, 2217 (2011); *Malloy*, 73 F.3d at 1018 ("the district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a request for attorney's fees should not result in a second major litigation" (quotation marks and citation omitted)). Here, after a thorough review of the briefs, the billing records, the affidavits, and the pleadings filed in this case, I conclude that Plaintiff has not met her burden of showing that 13.0 hours were reasonably expended in ths litigation.

As an initial matter, the Court notes that Plaintiff's Motion does not suffer from some of the problems identified by judges in this District regarding Mr. Larson's other clients' motions for attorney's fees in similar cases. For example, Plaintiff does not request attorney's fees for filing documents, block billed time entries, or speaking to Mr. Wynkoop regarding his affidavit. *See, e.g., Miracle Gash v. Client Servs., Inc.*, Civil Action No. 12-cv-

01426-LTB-MJW, 2013 WL 1130717, at *3 (D. Colo. March 18, 2013) (finding 0.5 hours, which "mostly . . . relate to the e-filing [of] court document" were clerical or administrative tasks); *Segura*, 2013 WL 560702, at *3 (D. Colo. Feb. 14, 2013) (reducing block billed time entry by 1.0 hour); *Nuanes*, 2012 WL 5464598, at *3 (not allowing attorney compensation for 0.7 hours dedicated to filing documents); *Castro*, 2012 WL 4468318, at *2 (finding that "at least 1.5 hours worth of charges [were] associated with secretarial and administrative tasks"); *Ellis v. Midland Credit Mgmt, Inc.*, Civil Action No. 11-cv-02860-RBJ, 2012 WL 4356251, at *5 (D. Colo. Sept. 24, 2012) (reducing time spent reviewing complaint and other litigation-related work after the offer of judgment was receive); *Howard*, 2012 WL 4359361, at *4 (disallowing attorney's fees for clerical tasks and the 0.2 hour spent speaking to Mr. Wynkoop as duplicative because Mr. Wynkoop "files affidavits in all of Mr. Larson's cases").

Defendant alleges that Mr. Larson's attorney's fees are excessive for the services provided to Plaintiff in this action. The Court finds that Mr. Larson billed 0.5 hours in excess of what was reasonable after he received the Offer of Judgment. As many judges in this District have noted, Mr. Larson has filed many very similar FDCPA cases in this District and the pleadings in the cases are very similar. As a result, Mr. Larson should have form letters and pleadings that he can utilize to make each litigation more efficient. This includes a form letter to his client relating to any offer of judgment received and a form notice of acceptance of any such offer of judgment.

**C.    Lodestar Amount**

Based on the aforementioned conclusions, the Court finds that the lodestar figure for plaintiff's attorney's fee request is $3,125.00 (12.5 hours multiplied by a $250.00 hourly

rate). This fee award is reasonable given the issues presented in this case and it is also adequate to attract competent counsel to similar cases without producing a windfall for attorneys. *Blum v. Stenson*, 465 U.S. 886, 893-94 (1984) (analyzing fee award pursuant to 42 U.S.C. § 1988). In addition, it is in line with fee awards in similar cases in this District. *See, e.g., Miracle Gash*, 2013 WL 1130717, at *5 (awarding 10.2 hours at rate of $250.00 per hour for a total of $2,550.00); *Johnson*, 2013 WL 674057, at *2 (awarding 10 hours at rate of $250.00 per hour for a total of $2,500.00); *Segura*, 2013 WL 560702, at *4 (awarding 14.1 hours at rate of $250.00 per hour plus an additional $625.00, or 2.5 hours, spent litigating attorney's fees motion, for a total of $4,150.00); *Castro*, 2012 WL 4468318, at *2 (awarding 12.0 hours at rate of $250.00 per hour for a total of $3,000.00); *Kittle v. Accredited Collection Agency Inc.*, Civil Action No. 07-cv-01716-REB-BNB, 2011 WL 683815, at *2-3 (awarding 20.7 hours at rate of $250.00 per hour for a total of $5,175.00); *Starks v. Global Credit Collection Corp.*, Civil Action No. 10-cv-01690-MSK-MEH, 2010 WL 5343158, at *2 (D. Colo. Dec. 20, 2010) (awarding $6,413.00 total); *Harper*, 2009 WL 3059113, at *1-2 (awarding $9,225.00 total).

**D.     Attorney's Fees Relating to Plaintiff's Reply Brief**

In her Reply, Plaintiff seeks attorney's fees for an additional 2.9 hours for time spent litigating the Motion as follows: 0.9 hour for "[r]eviewing Defendant's Response to Motion and compare it [sic] allegations to the Motion and attachment" and 2.0 hours spent "[d]raft[ing the] Reply to Defendant's Response." *Id.* at 18. Recovery of fees for resolving an attorney's fee request is normally allowed even after the merits of the dispute have been settled. *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986). "It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful

7

and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary." *Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988) (quoting *Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 54 n.8 (3d Cir. 1978)). As Plaintiff's Motion was mostly successful, the Court will award fees in the amount of $700.00, corresponding to 2.8 hours spent litigating the fee issue. This award is proportionate to Plaintiff's success on the Motion. *See Segura*, 2013 WL 560702, at *4.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that Plaintiff's Motion for Attorney's Fees [#15] be **GRANTED in part** to the extent that Plaintiff be awarded $3,825.00 and **DENIED** in all other respects.

The Court further **RECOMMENDS** that Plaintiff's attorney's fees award, in the amount of $3,825.00 be added to the Judgment [#12], plus post-judgment interest at a rate of 0.17% from the date of entry of judgment pursuant to the Judgment [#12].

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or

for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 14, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge